AO 91 (Rev. 11/11)   Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
### for the

November 09, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

Western District of Texas

BY: _____ **LRT** _____

DEPUTY

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    **1:22-MJ-00927-ML** |
| | ) | |
| DAVID LLOYD WALTHER | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 2022 to November 2022 _____ in the county of _____ Williamson _____ in the
_____ Western _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A | Distribution, Receipt, Transportation, and Possession of Child Pornography |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DOMINIC McCABE, Task Force Officer, FBI
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☑ Sworn to telephonically and signed electronically.

Date: November 9, 2022

_____
*Judge's signature*

City and state: _____ Austin, Texas _____

MARK LANE, United States Magistrate Judge
*Printed name and title*

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. **1:22-MJ-00927-ML** |
| | § | |
| **DAVID LLOYD WALTHER,** | § | |
| **Defendant.** | § | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dominic McCabe, being duly sworn, state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Task Force Officer with the Federal Bureau of Investigation (FBI). I have been a certified law enforcement officer since May 2011. I am currently assigned to the FBI Austin Child Exploitation and Human Trafficking Task Force located in the Austin Resident Agency of the San Antonio Field Office.  I have been so assigned since June 2022 including being assigned to the FBI's Innocent Images National Initiative ("National Initiative"), which investigates, among other violations, individuals suspected of being involved in the online sexual exploitation of children.  I have received training in the area of child pornography (as defined in 18 U.S.C. § 2256) and child exploitation, and have, as part of my daily duties as a Task Force Officer assigned to the National Initiative, investigated violations relating to child exploitation and child pornography, including violations pertaining to the possession, distribution, receipt, advertising, and production of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252(a), and 2252A.  As part of my duties as a Task Force Officer assigned to the National Initiative, I have had the opportunity to observe and review numerous examples of child pornography in all forms

of media, including electronic and computer media. Moreover, I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am authorized by the United States Attorney General to request an arrest warrant.

2.      This affidavit is submitted in support of a criminal complaint against Defendant **DAVID LLOYD WALTHER,** year of birth 1966, for violation of Title 18, United States Code, Section 2252A.

3.      Title 18, United States Code, Section 2252A states, in relevant part:

(a)      Any person who—

    (1)      knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography;

    (2)      knowingly receives or distributes—

        (A)      any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

        (B)      any material that contains child pornography that has been mailed, or using any means or facility or interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

    (3)      knowingly—

        (A)      reproduces any child pornography for distribution through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; or

        (B)      advertises, promotes, presents, distributes, or solicits through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—

      (i)     an obscene visual depiction of a minor engaging in sexually explicit conduct; or

      (ii)    a visual depiction of an actual minor engaging in sexually explicit conduct;

* * * * * *

(5)    either—

     (A)    knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including computer;

(6)    knowingly distributes, offers, sends, or provides to a minor any visual depiction, including any photograph, film, video, picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, where such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct—

     (A)    that has been mailed, shipped, or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

     (B)    that was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or

     (C)    which distribution, offer, sending, or provision is accomplished using the mails or any means or facility of interstate or foreign commerce, for purposes of inducting or persuading a minor to participate in any activity that is illegal;

shall be punished as provided in subsection (b).

4.    This affidavit is based on my personal knowledge as well as reports made by other FBI agents and law enforcement officers.  Because this affidavit is being submitted for the limited

purpose of establishing probable cause for the issuance of the Complaint, it does not contain every fact known to me or other FBI agents.

## FACTS

5.     Millions of computer users throughout the world use peer-to-peer (P2P) file sharing networks to share files containing music, graphics, movies and text.  These networks have also become a popular way to download and distribute child pornography.  Any computer user who can connect to the Internet can download P2P application software, which is typically free, and use it to share files through a P2P network.  A feature of P2P file sharing is that multiple files may be downloaded in parallel, which permits downloading more than one file at a time.  In addition, a user may download parts of one file from more than one source computer at a time. Often, however, a user downloading a file receives the entire file from one computer.  A P2P file transfer is assisted by reference to an Internet Protocol (IP) address.  The IP address identifies the location of the computer with which the address is associated, making it possible for data to be transferred between computers.

6.     The BitTorrent network is a very popular and publicly available P2P file-sharing network.  A computer that is part of this network is referred to as a "peer" (or "client").  A peer can download files from other peers simultaneously and provide these files to other peers.  The BitTorrent network can be accessed by computers via many different client (software) programs, such as BitTorrent, μTorrent, BitLord, and Vuze, to name a few.  These client programs are publicly available, typically free, and can be downloaded from the Internet.

7.     On or about August 29, 2022, a computer located in Collin County, Texas, and administered by a Collin County Sheriff's Office (CCSO) detective, using the BitTorrent P2P network, initiated a download of child pornography files from IP address 69.212.115.82. The

download was initiated only after the content was identified as being readily available to other BitTorrent users. I reviewed the contents of this download and noted the following images of child pornography:

a.      Within a subfolder entitled "BDSM," I noted an image entitled "1485751362.jpg." The image depicted a mostly nude prepubescent male engaging in sadomasochistic abuse. The male minor is depicted with a collar on his neck, a mouth restraint strapped to his head which forced his mouth to remain open, and restraints holding his left wrist to his left ankle and his right wrist to his right ankle. His penis was exposed and it appeared as though a cylindrical, purple colored object had been forced into his anus. The "BDSM" subfolder contained multiple other images depicting prepubescent male and female children in differing states of undress, though most were completely nude, and who were restrained with ropes or and other restraint devices or tools and forced into sexually suggestive poses or acts.

b.      Within subfolder "BDSM," I noted another image entitled "1485845920JulyJailBait.jpg" The image depicted a prepubescent female, likely a toddler (three to five years of age), engaging in sadomasochistic abuse. The female minor was completely nude and had a red ball style gag in her mouth and strapped to her head. The minor had a rope tied to each wrist which forced the child's arms above her head. There were additional strands of rope attached to each leg just below the child's knees which forced the child's legs open and fully exposed her vagina. The words "lick me please" were written on her stomach with an arrow just below the words pointing to the child's vagina.

c.      Within subfolder "Zoo," I noted an image entitled "1bko5u3el_8.jpg". The image featured an adult female kneeling next to a dark colored dog (brown or gray) and holding the dog's erect/exposed penis. A nude prepubescent female, likely less than three years old, is

depicted engaging in bestiality.  The female minor is sitting behind the dog with her mouth open and her tongue slightly out. Her mouth was positioned under the dog's penis. There was an apparent liquid (either urine or ejaculate) coming from the dog's penis and onto the child's tongue and into her mouth.

8.      On or about August 29, 2022, the same computer located in Collin County, Texas, and administered by a CCSO detective, using the BitTorrent P2P network, initiated a download of child pornography files from IP address 76.203.169.100. The download was initiated only after the content was identified as being readily available to other BitTorrent users. I reviewed the contents of this download and noted the following images of child pornography:

a.      Within a subfolder entitled "Videos," I noted a video, titled "DSC_7687.mp4". The video was 40 seconds in duration and depicted a prepubescent female engaging in oral-genital sexual intercourse with another prepubescent female (likely between the ages of four to seven).

b.      Within a subfolder entitled "Vaginalvideos", I noted a video, titled "9yo_suck_fuck-1.mp4". The video was 35 seconds in duration and depicted a prepubescent female engaging in oral-genital and genital-genital sexual intercourse with an adult male.

c.      Within a subfolder entitled "Vaginalvideos", I noted a video, titled "kait-sugar.AVI". The video was 3 minutes and 33 seconds in duration and depicted a prepubescent female (approximately five to seven years old) engaging in masturbation, lascivious exhibition of the genitals, and oral-genital and genital-genital sexual intercourse with an adult male.

9.      Between August 18, 2022, 0723 hours, and September 21, 2022, 0858 hours, several successful downloads of child pornography were obtained from IP address 76.205.169.100 via BitTorrent. On September 26, 2022, information from AT&T, in response to legal process,

indicated that the subscriber of IP address 76.205.169.100, during that time period was Faith Baptist Church, the responsible party was Defendant WALTHER, and the service address was 3625 Gattis School Rd., Round Rock, Texas, the address for Faith Baptist Church. Defendant Walther is the pastor of Faith Baptist Church, as stated on the church's website (www.myfaithbc.org/pastor, last visited November 7, 2022). This time frame was identified as being a range in which downloads of child pornography was obtained from the IP address. IP address 76.205.169.100 is a static IP address and was assigned only to Faith Baptist Church during the relevant time period.

10.     On or about September 18, 2022, at 0015 hours, a successful download of child pornography was obtained from IP address 69.212.115.82 via BitTorrent. On October 6, 2022, information from AT&T, in response to legal process, indicated that the subscriber of IP address 69.212.115.82, at 0015 hours on September 18, 2022, was Defendant WALTHER at his personal residence in Georgetown, Texas. IP Address 69.212.115.82 is a static IP address and has been assigned only to Defendant WALTHER's residence since May 3, 2022, when Walther's account was initialed at that location.

11.     On November 9, 2022, federal search warrants were obtained and executed for Defendant WALTHER's residence and vehicle. Defendant WALTHER was present at his residence during the search. Defendant Walther voluntarily agreed to speak with agents, was informed that all statements would be voluntary, and that he was not then under arrest. Defendant WALTHER stated the following, among other things:

a.     that he had a pornography addiction and would often go through cycles of downloading and viewing pornography depicting both adults and minors;

b.     that he would often start viewing more commercial, adult pornography, but

would typically transition to child pornography;

      c.    that he would seek out and view child pornography via the BitTorrent network;

      d.    he claimed he did not know that he was sharing child pornography via the BitTorrent network; and

      e.    that he would download child pornography files, but would often feel guilty and go through a "purging" of files, i.e., deleting the images and associated files, because he knew it was wrong, and that he last purged files on November 08, 2022, the night before the search warrants were served.

    12.    Defendant Walther agreed to participate in a second interview with another FBI agent.  After being advised of, understanding, and waiving his constitutional (Miranda) rights, Defendant voluntarily agreed to the second interview.  Defendant WALTHER stated the following, among other things:

      a.    that he apologized for his actions;

      b.    that he knew and understood child pornography involves images/videos depicting graphic sexual conduct with an underage child;

      c.    that he knew that an underage or minor child is anyone under the age of 18;

      d.    that he would specifically search for, download and possess child pornography via BitTorrent, and unknowingly distribute child pornography via BitTorrent;

      e.    that when he viewed the child pornography, the children depicted were between 8 and 17 years old, either posing sexually or engaged in sex acts with adults or other children; and

      f.    that two external hard drives seized from his residence belonged to him, that

he was the only user of the hard drives, and that he downloaded and saved child pornography on to the hard drives.

13.     During the search of the home and Defendant Walther's vehicle, two external hard drives were located, namely, a 4TB hard drive (located in a laptop carry case inside the office at the residence) and a 2 TB hard drive (located in the Jeep parked in the garage at the residence). Preliminary forensic review of the two external hard drives revealed numerous deleted files with filenames consistent with child pornography. Among these deleted files was an image depicting a prepubescent female engaging in genital-genital sexual intercourse with an adult male.

## **CONCLUSION**

14.     Based on the foregoing, there is probable cause to believe that Defendant **DAVID LLOYD WALTHER** has committed the offenses set forth in the attached Criminal Complaint.


FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


_____
DOMINIC MCCABE
Task Force Officer
Federal Bureau of Investigation
Austin, Texas

Sworn to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure on this _____9th_____ day of November, 2022.


_____
UNITED STATES MAGISTRATE JUDGE