# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| v. | § | CRIMINAL NO. A-22-M-927 |
| | § | |
| | § | |
| **DAVID LLOYD WALTHER,** | § | |
| | § | |
| **Defendant.** | § | |

## MOTION FOR DETENTION

Under Title 18, United States Code, Section 3141, et seq., the United States moves for pretrial detention and would respectfully show the Court the following:

**1.    The pending case involves:**

[X]    (A)    A crime of violence

[ ]    (B)    An offense for which the maximum sentence is life imprisonment or death.

[ ]    (C)    An offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.

[ ]    (D)    A felony committed after the Defendant had been convicted of 2 or more prior offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) or comparable state or local offense.

[ ]    (E)    A felony (not a crime of violence) that involves: a minor victim; possession or use of a firearm, destructive device, or dangerous weapon; or failure to register (18 U.S.C. § 2250).

[X]    (F)    A serious risk that the Defendant will flee.

[ ]    (G)    A serious risk that the Defendant will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror.

**2.    A <u>rebuttable presumption</u> arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required AND the safety of any other person and the community, because there is probable cause to believe that:**

[ ]    (A)    The Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or the Maritime Drug Law Enforcement Act.

[ ] (B) The Defendant committed an offense under 18 U.S.C. § 924(c), 956(a), or 2332b.

[X] (C) The Defendant committed an offense involving a minor victim under 18 U.S.C. § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**3. No condition or combination of conditions will:**

[X] (A) Reasonably assure the appearance of the Defendant as required.

[X] (B) Reasonably assure the safety of the community or any other person.

**4. So that the United States can prepare for said hearing, the United States moves that the detention hearing be continued for**

[X] Up to three (3) days, pursuant to 18 U.S.C. § 3142(f).

[ ] Up to ten (10) days, pursuant to 18 U.S.C. § 3142(d), because the Defendant may flee or pose a danger to another person or the community and:

    [ ] (A) The Defendant committed the charged offense while released pending trial or sentence, or while on probation or parole.

    [ ] (B) The Defendant is not a citizen of the United States or lawfully admitted for permanent residence.

The United States may offer additional reasons for detention other than those indicated above as the investigation proceeds and new information becomes available.

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Defendant be held without bond.

Respectfully submitted,

ASHLEY C. HOFF
United States Attorney

By: */s/ Matthew Devlin*
_____
MATTHEW DEVLIN
Assistant United States Attorney